Larry R Glazer (CSBN200644)
larry@glazerandglazer.com
Nicolette Glazer (CSBN209713)
nicolette@glazerandglazer.com
LAW OFFICES OF LARRY R. GLAZER
2121 Avenue of the Stars #800
Century City, CA 90067
Phone: 310-407-5353 | Fax: 310-407-5354

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION

| | |
|---|---|
| NICOLETTE GLAZER<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>Defendant | Case No.:<br><br>JUDGE:<br><br>Magistrate:<br><br>COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT |

1.     This is an action under the Freedom of Information Act, ("FOIA") 5 U.S.C. § 552, seeking wrongfully withheld agency records relating to the United States Department of State (hereinafter 'DOS')'s administration of the diversity visa programs for Fiscal Years 2022 and 2023. This complaint also seeks a declaratory and injunctive relief to remedy Defendant's pattern and practice of systemic violations of FOIA

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT - 1

which includes: (1) failure to make determinations concerning FOIA requests within the mandated statutory time periods; (2) failure to conduct proper searches to locate documents responsive to FOIA requests; (3) failure to segregate non-exempt material in records to which ICE had applied redactions; and (4) failure to allocate sufficient resources to address its ever-growing FOIA backlog.

2. Plaintiff Glazer has been irreparably harmed by Defendant's repeated and deliberate violations of the Act.

### Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 522(a)(4)(B). This Court has further jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §2201-2202.

4. Venue is proper under 5 U.S.C. § 552(a)(4)(B) because Plaintiff Glazer resides within this District.

### Parties

5. Plaintiff is a lawyer with a principal place of business in Los Angeles County and Riverside County and a residence in Riverside County, California.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT - 2

6.     The U.S. Department of State ("DOS") is a cabinet department of the United States federal government and an executive agency with the primary mission of formulation and execution of U.S. foreign policy. DHS is an agency within the meaning of 5 U.S.C. § 522(f)(1).

7.     In addition to records pertaining to the formulation and execution of U.S. foreign policy, DOS maintains records that pertain to individuals, such as applications for U.S. passports, applications for U.S. visas, records on consular assistance given abroad by U.S. Foreign Service posts to U.S. citizens and lawful permanent residents, and statistical reports for its activities, including visa issuance. DOS, thus, has custody, possession, and control over the records sought by Plaintiff under the Act, and had had such custody, possession, and control at the time the records were requested and thereafter.

**FOIA Request**

8.     On 29 July 2023 Plaintiff submitted a request to DOS for the following records, pursuant to FOIA:

> *1. Number of Diversity Visas issued by month and in total for FY 2022 and FY2023. 2. Number of Diversity Visas issued by month and in total for FY 2022 and FY2023 for the following consulates:*

*Warsaw, Poland; Frankfurt, Germany; Cairo, Egypt, Ankara, Turkey; Kathmandu, Nepal; Casablanca, Morocco; and Algiers, Algeria; 3. policies, practices, and implemented safeguards by the State Department to assure that the statutory DV visa cap is not exceeded; and 4. all emails, memoranda, special operating procedures, cables, and manuals reflecting and memorializing how the State Department is monitoring the quarterly and annual allocations, issuance, and visa number usage for FY2022 and FY 2023 so that the statutory visa cap of 55,000 visas is not exceeded. This request also seeks the records reflecting the searches performed in response to this request. The request covers the period from 1 May 2021 to THE PRESENT (Date Range for Record Search: From 05/01/2021 To 07/29/2023)*

9. On 29 July 2023 at 5:38:25 PM Plaintiff received an email from foiastatus@state.gov notifying her that Defendant had received the FOIA request, assigned it number F-2023-11394, and that she "will receive a formal acknowledgement to your request in no later than 10 working days."

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT - 4

10. Plaintiff received no "formal acknowledgment" nor any other communication from Defendant with respect to the FOIA request.

11. Defendant did not issue a timely determination on Plaintiff's request and did not produce any of the requested responsive records.

12. Defendant's FOIA online portal shows that FOIA request F-2023-11394 was "received" on 31 July 2023 and that it has an "estimated delivery date" of 12 September 2023. (Exhibit A).

13. As of 20 October 2023 57 business days have elapsed since Plaintiff submitted her request. This is 37 business days past the FOIA deadline.

14. Plaintiff has exhausted all available administrative remedies.

**Causes of Action**

*Count I – Violation of FOIA*

15. All previous paragraphs are incorporated as though fully set forth herein.

16. Plaintiff has a statutory right under the FOIA Act to obtain the agency records properly requested in her 29 July 2023 request.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT - 5

17. No legal basis exists for Defendant's failure to promptly docket, process, respond, and produce responsive agency records in accordance with the timing and other requirements of the Act.

18. Defendant's failure to disclose all responsive agency records in connection with Plaintiff's request identified above, as well as its failure to (1) docket and process the request; (2) timely respond to the request and (3) conduct proper searches to locate documents responsive to the request, each violating the Act, as well as regulations promulgated by DOS.

19. As of the date of this Complaint, Defendant has failed to issue a determination and to produce all records requested by Plaintiff or to demonstrate that such records are lawfully exempt from production. See 5 U.S.C. § 552(a)(6)(C). Nor has Defendant notified Plaintiff of the scope of any responsive records it intends to produce or withhold and the reasons for any withholdings, nor informed Plaintiff that it may appeal any specific, adverse determination.

20. By failing to timely process and respond to Plaintiff's request within the statutorily prescribed time limits, Defendant has violated its duties under the FOIA Act, including but not limited to its duties to

conduct a reasonable search for responsive records, issue a timely determination, and to produce all responsive, reasonably segregable, non-exempt information. Therefore, Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

21. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of records responsive to Plaintiff's FOIA request and the failure to comply with Defendant's obligations under FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

*Count II – Declaratory and Injunctive Relief*

22. Plaintiff re-alleges and incorporates paragraphs 1 through 13 above.

23. Defendant DOS has a mandatory statutory duty under 5 U.S.C. § 552(a)(3) to conduct a reasonable search for records responsive to FOIA requests and to make a determination on each request within the time period set forth in 5 U.S.C. § 552(a)(6): 20 business days, to be extended by no more than ten business days if the agency notifies the requester in writing of the existence of "unusual circumstances." 5 U.S.C. § 522(a)(6)(B)(i)

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT - 7

24. DOS has failed to make a determination on Plaintiff's FOIA request within the timeframes required by statute. Defendant's failures are part of a pattern and practice of such deliberate violations of FOIA. Exceptional circumstances do not justify DOS's delay in processing FOIA requests.

25. DOS has failed to allocate sufficient resources to address its FOIA backlog, including allocating sufficient budgetary and personnel resources to comply with the timeframes imposed by the Act.

26. Defendant's backlog and repeated violation of the determination requirements of the Act demonstrate the existence of a pattern and practice of deliberate and repeated failures to make timely determinations on FOIA requests, process appeals, and promptly produce responsive records within the statutory time periods and in good faith.

27. Defendant also routinely fails to conduct good faith searches for records and redacts information that is not within the scope of the carefully crafted statutory exceptions. As a result, Defendant is precluding the public from monitoring its actions and performance.

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF UNDER THE FREEDOM OF INFORMATION ACT - 8

28. No legal ground, justification, or excuse exists for Defendant's nationwide pattern and practice of failing to meet the statutory deadlines with respect to properly submitted FOIA requests and to discharge its statutory duties in good faith.

**REQUEST FOR RELIEF**

Plaintiff requests that judgment be entered in her favor and against Defendant, and that the Court:

A. Order Defendants and any of their agents or other persons, departments, or components acting for, with, by, through, or under them, to conduct a prompt, reasonable search for records responsive to Plaintiff's request;

B. Permanently enjoin and restrain Defendant and any of Defendant's agents or other persons, departments, or components acting for, with, by, through, or under them from withholding the agency records at issue in this case;

C. Declare that the requested records by Plaintiff are not exempt from disclosure under FOIA, and order Defendant to disclose the requested records in their entirety and make copies available to the Plaintiff;

D. Declare that Defendant's pattern and practice of failing to make determinations on requests within the statutory time frames violate the Act;

E. Declare that Defendant's pattern and practice of failing to make determinations on requests remanded for further processing and promptly notify the requestor of its determinations violate the Act;

F. Award Plaintiff reasonable attorney's fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E);

and,

G. Award all other relief to Plaintiff that the Court deems just, equitable, and proper.

20 October 2023

                              Respectfully submitted

                               *s/Nicolette Glazer*
                      Nicolette Glazer (CSBN209713)
                      nicolette@glazerandglazer.com
                      LAW OFFICES OF LARRY R. GLAZER
                      2121 Avenue of the Stars #800
                      Century City, CA 90067
                      Phone: 310-407-5353 | Fax: 310-407-5354